**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| OMAR WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 17 C 5186 |
| vs. | ) | Honorable Judge Virginia M. Kendall |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**COOK COUNTY DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Plaintiff's Response in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Response") fails to save his Complaint against the Cook County Defendants. In his Response, Plaintiff argues that ASA Goldish is not entitled to absolute immunity because Goldish coerced a false statement of a witness prior to the time probable cause to charge Plaintiff existed. ASA Goldish's alleged involvement, however, was documenting a statement of a witness obtained by the police, not by Goldish. Additionally, Plaintiff argues that he has stated a cognizable claim against ASA Goldish, but his Complaint fails to plead allegations specific to Goldish. Instead Plaintiff's engages in impermissible group pleading to lump Goldish in indiscrimanently with the Defendant Police Officers. Finally, despite Plaintiff's arguments, Plaintiff requests leave to amend his Complaint, conceding that his Complaint is deficient.

## <u>ARGUMENT</u>

**I.      PLAINTIFF'S CLAIMS AGAINST ASA GOLDISH ARE BARRED BY ABSOLUTE IMMUNITY.**

As set forth in the Cook County Defendants' Motion to Dismiss, ASA Goldish is entitled to absolute immunity because all her actions related to Plaintiff's criminal case were taken as a prosecutor assigned to the Felony Review Unit of the Cook County State's Attorney's Office.  In Plaintiff's Response, he argues that ASA Goldish is not entitled to absolute immunity because "she spearheaded the coercion of key witness Andre Gladney ("Gladney") and the manufacture of a false witness statement based on Gladney's coerced testimony." *See* Plaintiff's Response, at p. 7. Specifically, Plaintiff notes that ASA Goldish's conduct and not her job should determine that she is not entitled to immunity. *Id.*  While Plaintiff's Response may argue one thing, his pleadings do not reflect allegations that support these arguments. In Plaintiff's Complaint he groups ASA Goldish into allegations against Defendant Police Officers Donald Hill ("Hill") and Marco Garcia ("Garcia"). *See* Plaintiff's Complaint at ¶¶36-39.  When the  specific allegations against ASA Goldish are examined, all that she did was to take a statement of a witness previously secured and interviewed by the Defendants Hill and Garcia on two occasions.  She thereafter approved charges, an inherently prosecutorial act. Goldish's conduct as alleged entitles her to absolute immunity.

Plaintiff fails to allege any facts that, even if true, would establish that ASA Goldish was acting in an investigative capacity rather than as a prosecutor tasked evaluating and preserving Gladney's statement and determining whether sufficient evidence existed as a basis for criminal charges against Plaintiff. A court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), or "naked assertion[s]" devoid of any "factual

enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A complaint cannot escape dismissal by pleading facts that are 'merely consistent with' a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008).

In this case, Plaintiff's claims against ASA Goldish are premised on the general allegation that she acted as an investigator in working with Defendants Hill and Garcia. *See* Plaintiff's Complaint at ¶¶36-39. Plaintiff claims that ASA Goldish participated in taking a written statement of Gladney. *Id.* Accepting those allegations as true, the alleged facts do not permit a reasonable inference that ASA Goldish's actions transformed her role from being a prosecutor to that of an investigator. The duties of an assistant state's attorney include interviewing witnesses and suspects, reviewing evidence gathered by the police in their investigation, taking statements from suspects and witnesses, deciding what information is necessary for trial, and approving or declining to approve felony charges. *See Hampton v. City of Chicago*, 349 F. Supp. 2d 1075, 1081 (N.D. Ill. Oct. 6, 2004) (Moran, J.); *Anderson v. Simon*, 217 F.3d 472, 473 (7th Cir. 2000) (the assistant state's attorney from the Felony Review Unit of the Cook County State's Attorney's Office was assigned to determine whether suspect should be charged with felony burglary).

"'[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom,' and are nonetheless entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431, n. 33). Plaintiff's complaint does not demonstrate that ASA Goldish's conduct went outside the scope of her duties as a prosecutor. In Plaintiff's response he argues that numerous witness accounts of the crime contradicted "reports manufactured by the officials." Plaintiff's Response at p. 7. Additionally, Plaintiff argues that

other evidence remained "untested or was lost " and all this meant that probable cause did not exist prior ASA Goldish taking the statement of Gladney. *Id.* This argument falls flat, as Plaintiff's Complaint does not allege ASA Goldish had any knowledge of, or role in, any other statements, evidence, or allegations investigation. Witness statements, like Gladney's, have to be taken in order to confirm whether there is probable cause, but that does not mean that probable cause did not already exist prior to a statement being recorded, transcribed, or documented. Plaintiff's response argues that "[w]itness testimony consistently pointed to someone other than Williams, was unreliable, and/or was inaccurately memorialized in formal reports and statement." *Id.* at p. 9. The paragraphs that Plaintiff references his Complaint do not mention Goldish at all or allege that she had any involvement in reviewing such evidence prior to taking Gladney's statement. *Id.* Therefore, to suggest that ASA Goldish's conduct was investigatory or that she was responsible for any purported fabricated evidence is not supported by the Complaint. Simply put, ASA Goldish is entitled to absolute immunity.

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AGAINST ASA GOLDISH

Even if this Court determines that ASA Goldish is not entitled to absolute immunity, Plaintiff's Complaint should still be dismissed because Plaintiff fails to plead facts to support his claim that ASA Goldish caused Plaintiff to be denied due process or maliciously prosecuted. In Plaintiff's Response he argues that "[i]t took Goldish seventeen hours to get Gladney to sign a statement she authored implicating Williams…" This argument is not supported by the allegations. The allegations are that Defendants "Hill and Garcia picked Gladney up for further questioning at noon on September 27, 2011. Over the next 17 hours they—along with Goldish— made very clear what they wanted Gladney to "say" in a signed statement." Complaint at ¶ 36.

4

First, Plaintiff's allegations as pled are not sufficient as it is unclear what exact allegations are against Goldish and what is against Defendants Hill and Garcia. Under Rule 11(b)(3) of the Federal Rule of Civil Procedure, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. Pro. 11(b)(3). *See* also *Atkins v. Hasan,* 2015 U.S. Dist. LEXIS 80176, 2015 WL 3862724 *3 (N.D. Ill. June 22, 2015). Plaintiff does not allege that ASA Goldish interrogated Gladney over 17 hours. Rather Plaintiff attempts to create that impression by adding "along with Goldish." That is not an allegation that Goldish spent 17 hours questioning Gladney. While it may be that Gladney was in police custody for 17 hours, Plaintiff must put forth facts specific to each Defendant's role. Conflating the Police Defendants and ASA Goldish is improper. As is, Plaintiff's group pleadings fail to put forth precise facts of ASA Goldish's alleged conduct or alleged wrongdoing.

Additionally, Plaintiff argues that he has alleged that there was witness testimony that contradicted Gladney's statement and this evidence was ignored. *See* Plaintiff's Response at p. 11. Again, the Plaintiff has failed to allege that ASA Goldish knew of this purported evidence or had any involvement in the evaluation of such evidence. Thus, Plaintiff has failed to plead a cause of action against ASA Goldish as it cannot be gleaned from the Complaint that ASA Goldish had any knowledge of or role in these aspects of the investigation conducted by the police. Moreover, Plaintiff was indicted by a Grand Jury, and Plaintiff does not allege any role by ASA Goldish in the Grand Jury process. Therefore, as pled there is no claim against Goldish as her actions did not cause the alleged harm.

5

Second, with regard to Plaintiff's claim for malicious prosecution, even Plaintiff admits that the law with regard to malicious prosecution is unclear at this time. *See* Plaintiff's Response at p. 14. Therefore, the Plaintiff's malicious prosecution claims should be dismissed until the Seventh Circuit determines if such a cause of actions exists and what needs to be alleged by a plaintiff seeking to assert such a claim.

Third, because Plaintiff's federal claims should be dismissed, this Court should relinquish supplemental jurisdiction over the Plaintiff's state law claims. In Plaintiff's Response, he argues that the state law claims should survive as Plaintiff still has a *Monell* claim against Defendant, City of "Harvey" (presumably Plaintiff meant the City of Chicago). *See* Plaintiff's Response at p. 14. Plaintiff further argues that the Court should exercise supplemental jurisdiction over the state law claims against ASA Goldish as her "conduct and role in the events…are highly relevant and closely intertwined with the federal claims against the other defendants in this case." *Id.* at p 15. This argument fails as the *Monell* claim against the City of Chicago does not implicate ASA Goldish, nor is it intertwined with ASA Goldish's conduct or role in underlying criminal case.

Finally, the Plaintiff admits that Cook County is only a necessary party insofar as it must indemnify Goldish, thus further argument on this point is not necessary.

<u>**CONCLUSION**</u>

The Federal Rules of Civil Procedure (including Rules 8, 11 and 12) requires more of a plaintiff that to paint all defendants with a broad brush. That is particularly true where, as here, Plaintiff is attempting to plead away from ASA Goldish's absolute immunity through sleight of hand, to wit, Plaintiff describes a 17-hour witness interview conducted by "defendants" that resulted in the witness incriminating the Plaintiff in the shooting. That allegation was designed to leave the (false) impression that ASA Goldish engaged in a 17-hour interrogation of a witness. Felony Review ASAs come to police stations to memorialize a witness's statement after the

6

police report that a witness is prepared to give a statement to prosecutors. An honest pleading (or an honest reading of Plaintiff's pleading) would not lump ASA Goldish into a 17-hour interrogation. Her role, rather, was that of a prosecutor acting as a prosecutor. Accordingly, absolute immunity bars Plaintiff's claims against ASA Goldish.

Dated:  November 2, 2017

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:     /s/James E. Hanlon, Jr.
        James E. Hanlon, Jr.
        Scott A. Golden
        Allyson L. West
        Assistant State's Attorneys
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-5463

7