**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

Omar Williams

                Plaintiff,

v.

                                            Case No.: 1:17−cv−05186
                                            Honorable Virginia M. Kendall

City of Chicago, et al.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, April 8, 2021:

      MINUTE entry before the Honorable Virginia M. Kendall. Before the Court are the Parties' Motions regarding the Santiago Proffer (Dkts. [293], [296]), Plaintiff's gang affiliations (Dkts. [239], [263]), audio recordings from jail [242], and the jail house letters [243]. For the reasons stated here and on the record, Plaintiff's Motion to Prohibit All Evidence Of Or Reference To Audio Recordings [242] is denied. It is Defendant's theory that there was a conspiracy to obstruct justice in that Plaintiff was reaching out to his compatriots to find out what Gladney's testimony was going to be and that he was told that Gladney was going to testify inconsistently with his earlier statement to police. Defendants intend to put this information in with the understanding that all of the individuals in the audio recordings were New Breed street gang members who complied with a code of conduct that would require them to not testify against a fellow gang member. First, Plaintiff seeks to strike the Santiago proffer [296] and to exclude the calls because there were approximately 3,000 calls and Defendants have culled around a dozen to play for the Jury. The calls, however, were turned over during Discovery, and Defendants complied with the Court's order for filing a co−conspirator statement proffer, and therefore that basis for objection is overruled. Plaintiff's second basis for objection is that the volume requires a tremendous amount of work to sift through at this late stage of the game. However, Defendants have identified the ones that they want to use and they are limited in comparison to the volume. Additionally, Plaintiff can assist his counsel regarding what was said on the calls. Plaintiff's counsel would not be disadvantaged. Further, this is a statement of a party opponent, which is a hearsay exception under FRE 801(d)(2). Plaintiff claims the statements are overly prejudicial, but the statements are relevant to a central issue in the case, namely the malicious prosecution aspect, which will be an issue for the jury to decide. The audio recordings also fall under the state of mind hearsay exception under FRE 803(3), which explains the motivation for him making the statements at that time. However, Defendants arguments regarding the New Breeds gang affiliation are prohibited as the proper foundation has not been laid. Therefore, Plaintiff's Motion to Prohibit All References to Alleged Gang Involvement or Affiliation [239] is granted and Defendants' Motion to Admit Relevant Evidence of Gang Affiliation [263] is denied. Defendants' may, however, lay that foundation that Plaintiff had childhood colleagues and friends that he was contacting to find testimony that would be helpful to him, which is relevant to the case and reasonable inferences during closing arguments can

be made. Although the Court is not relying on the co−conspirator statement exception under FRE 801(d)(2)(E), there is some merit to this argument. Namely, Plaintiff's version of obstruction of justice is too narrow as one does not need to reach out to coerce or threaten a witness to testify in a particular way. It is illegal for a criminal defendant to reach out to a witness to corruptly persuade that witness's testimony. The Parties are to work together to determine if there are certain portions of the calls that are not giving context to the party opponent statement. Plaintiff's Motion to Prohibit All References To Any Of Carnell Jones' Jail House Letters [243] is granted as the letter contains hearsay within hearsay and the letter does not state Gladney's name nor is it a letter from Williams. Finally, as to the remaining videos, which were the subject of Defendants' Motion to Bar Use of Scene Video with Added Caption [317] and the Court heard oral argument on April 5, 2021 about, the videos may be permitted if Plaintiff can lay the foundation about whether the videos were ever shown to a person or used by a person in prosecuting the William' s underlying criminal case. Mailed notice(lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.